101 So.2d 195

Mrs. Loretta D. KLUMPP, Widow of John C. Klumpp

v.

BOARD OF TRUSTEES OF FIREMEN'S PENSION & RELIEF FUND FOR The CITY OF NEW ORLEANS.

No. 43326.

March 17, 1958.

George J. Haylon, New Orleans, for appellant.

Alvin J. Liska, City Atty., Beuker F. Amann, Asst. City Atty., New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

█ Mrs. Loretta D. Klumpp, widow of Captain John C. Klumpp of the New Orleans Fire Department, instituted this suit against the Board of Trustees of Firemen's Pension & Relief Fund for the City of New Orleans seeking a judgment awarding her a pension of $162.50 per month from November 5, 1953, the date of her husband's death, until her death or remarriage. Mrs. Klumpp died after the suit was filed, and her major children as her sole heirs were by order of the court substituted as parties plaintiff in this action. They filed an amended petition seeking to be awarded the amount of this pension from November 5, 1953, until September 30, 1955, the date of Mrs. Klumpp's death. To the original and amended petition the defendant filed an exception of no cause of action which was evidently referred to the merits. After trial on the merits there was judgment dismissing plaintiffs' suit, and they have appealed.

The trial judge in his reasons for judgment informs us that there were presented here for adjudication two questions: First, could the children inherit from the deceased widow her right of action against the board of trustees? Second, was Captain Klumpp, husband of the deceased plaintiff Mrs. Klumpp, killed or injured within the meaning of the statute under which this action was instituted?

The trial judge was of the opinion that the action did not abate by the death of Mrs. Klumpp, and that her heirs inherited her right of action for the pension because the pension was a vested contract right and not a gratuity. As to the second question posed, the judge concluded that although Captain Klumpp at the time of his death was acting in the line of his duty as a fireman, he was not killed or fatally injured in the performance of his duties; or, in other words, that Captain Klumpp died of natural causes. Under this finding the judge dismissed the suit.

We are in full accord with the trial judge's action in dismissing plaintiffs' suit after trial on the merits as we do not think that Captain Klumpp's widow was entitled to the relief sought by her under the provisions of the statute. It is therefore not necessary for us to discuss whether the action abated with Mrs. Klumpp's death, and hence we express no opinion on this question.

On November 5, 1953, Captain John C. Klumpp, who was on duty as a captain in the New Orleans Fire Department, received orders to take his engine to the quarters of Engine No. 15, at Arabella and Perrier streets, to view a film on first aid sponsored by the Red Cross. The ride to

the Arabella station was at normal speed. Klumpp arrived there with his engine and company at approximately 10:15 a.m., walked to the back of the building, spoke to various members of the fire department, walked to the front of the station to see that his apparatus radio was turned off, and then returned to the rear of the building, collapsed, and shortly died. The death record states the cause of Klumpp's death as "coronary thrombosis; hypertensive cardio vascular disease"—or in everyday language, a heart attack.

At the time of his death Captain Klumpp was a member of the Firemen's Pension and Relief Fund of the City of New Orleans.

This suit was instituted under R.S. 33:-2114(A), which, as it read at the time of Captain Klumpp's death, provided:

"If any member of the fire department, while responding to an alarm of fire or while working at or returning from a fire, or while in the act of performing any part of his duties as a fireman, is killed or receives injuries which result in his death within six months from the time the injuries are sustained, and leaves a widow, the widow shall be paid a pension in the sum of fifty per cent of his salary at the time of death as an annuity. The pension shall cease if the widow remarries. * * *"

There is no doubt that Captain Klumpp was performing his duties as a fireman at the time of his death. The question for decision is whether he was killed while performing such duties. If he was, his widow would have been entitled to the pension sought by her.

Appellants cite and rely on the case of Sabathier v. Board of Trustees, Firemen's Pension & Relief Fund for City of New Orleans, 225 La. 31, 72 So.2d 1. In that case Captain Gleason of the fire department had died of a heart attack while engaged in performing his duties as a fireman. There, however, the resemblance to the instant case comes to an end, for Captain Gleason, while holding a hose and playing a stream of water on a fire, collapsed and died a few minutes later. In allowing recovery this court found that according to the medical testimony the activity accelerated Captain Gleason's heart condition and was a contributing, if not the efficient, cause of death. In view of these facts the court concluded that Captain Gleason was killed while working at a fire and in the act of performing his duties as a fireman within the contemplation of the statute, and that his death was accidental, being the immediate result of his exhausting efforts in fighting the fire.

These are not the facts of the instant case. There is no evidence in the record here that Captain Klumpp's activities in performing his duties as a fireman accelerated or aggravated a heart disorder, or that any of his activities contributed to the

cause of his death. In short, Captain Klumpp, according to this record, died a natural death.

Even if we should give a liberal interpretation to the statute as contended by appellants, it is evident to us that it was not the intent of the Legislature in adopting the statute here involved that the widow of a fireman who dies on duty solely from natural causes should receive a pension.

One of the sources of the statute is Act 43 of 1902. In Section 12 of that act it was provided: "That if any member of said fire department shall while in the performance of his duty, be killed or die as a result of an injury received in the line of his duty, or of any disease contracted by reason of his occupation, or shall die from natural cause, while in the said service and shall leave a widow * * *, said Board of Trustees shall direct the payment from said pension and relief fund monthly to such widow, while unmarried of fifteen dollars * * *." Under that statute even though the fireman on duty died from natural causes, his widow was entitled to a pension of $15 per month. However, R.S. 33:2114 (A), as it read at the time of Captain Klumpp's death, did not contain any provision for the payment of a pension to the widow in the event a fireman on duty died from natural causes.

Amendments to the firemen's pension statute also throw some light upon the problem. They show clearly that the trend of legislative intent has been to separate the payments of death benefits into two categories—one for the beneficiaries of those who were killed and the other for the beneficiaries of those who died a natural death. For instance, at the time of Captain Klumpp's death R.S. 33:2114(B) read: "Whenever an active or retired fireman *dies*, a death benefit of fifteen hundred dollars shall be paid to the beneficiary of the deceased member from the pension and relief fund * * *." (Italics ours.)

Moreover, R.S. 33:2114 by later amendments [1] now provides that the widow of a member of the fire department who dies while in the employment of the fire department shall be entitled to the sum of $50 per month out of the pension fund "except as hereinabove provided relative to a member killed while on duty". It will thus be seen that the Legislature made it clear that the widow or beneficiary of a member of the fire department killed while performing any part of his duties as a fireman is to receive one amount and the widow or beneficiary of one dying from natural causes while in the employment of the fire department is to receive a different amount.

The judgment is affirmed.

1. Act 212 of 1954, Sec. 2; Act 111 of 1955, Sec. 1; Act 91 of 1956, Sec. 1; Act 45 of 1957, Sec. 1.